IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COOS COUNTY BOARD OF COUNTY COMMISSIONERS,

Plaintiff,

v.

GALE A NORTON, et al.,

Defendants.

Case No. 06-6010-HO

ORDER

Alleging violations of the Endangered Species Act (ESA) and the Administrative Procedure Act (APA), plaintiffs seek to compel defendants to publish in the Federal Register proposed and final rules to remove the Washington, Oregon and California population of the marbled murrelet (the murrelet) from the list of threatened species. See 16 U.S.C. § 1533(c)(1). Defendants filed a motion to dismiss under Rules 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. The court lacks jurisdiction

over plaintiffs' claims. In the alternative, the complaint fails to state a claim upon which relief may be granted. Defendants' motion is therefore granted.

Discussion

Plaintiffs allege that after defendants completed a five year review of the murrelet,[1] defendants violated the ESA and the Administrative Procedure Act (APA) by failing to publish proposed and final rules "delisting" the murrelet.[2] Defendants argue that

---

[1]The Fish and Wildlife Service found that the Washington, Oregon and California marbled murrelet population does not satisfy the criteria for designation as a distinct population segment (DPS) under the Service's 1996 DPS policy. Complaint, ex. 1, attachment A at 28. The Service determined not to change the threatened status of the species pending the completion of a range-wide status review. Id.

[2]Specifically, plaintiffs allege that defendants violated 16 U.S.C. § (b)(3)(B)(ii), (b)(5)(A), (b)(6)(A) and by extension, (c)(2). Section 1533(c)(2) requires that the Secretary, at least once every five years, conduct a review of listed species and determine whether species should be removed from the lists or changed in status. The determination must be made in accordance with the provisions of subsections 1533(a) and (b). 16 U.S.C. § 1533(c)(2). Section 1533(b)(3)(B)(ii) requires that the Secretary, after finding that a petitioned action is warranted, "promptly publish in the Federal Register a general notice and the complete text of a proposed regulation to implement such action in accordance with paragraph (5)." Section 1533(b)(5) provides in part,

> With respect to any regulation proposed by the Secretary to implement a determination, designation, or revision referred to in subsection (a)(1) or (3) of this section, the Secretary shall--
> (A) not less than 90 days before the effective date of the regulation--
> (i) publish a general notice and the complete text of the proposed regulation in the Federal Register, and
> (ii) give actual notice of the proposed regulation (including the complete text of the regulation) to the

the court lacks jurisdiction over plaintiffs' claims and plaintiffs fail to state a claim because the complaint does not allege the failure to perform an act or duty required by 16 U.S.C. § 1533.

Under subsection (b)(3) of section 1533 upon which plaintiffs rely, the Secretary need publish a proposed regulation only after receiving a petition to add or remove species from the lists of threatened and endangered species and making certain findings. 16 U.S.C. § 1533(b)(3). The complaint does not allege

---

> State agency in each State in which the species is believed to occur, and to each county or equivalent jurisdiction in which the species is believed to occur, and invite the comment of such agency, and each such jurisdiction, thereon[.]

16 U.S.C. § 1533(b)(5). Section 1533(b)(6)(A) provides,

> Within the one-year period beginning on the date on which general notice is published in accordance with paragraph (5)(A)(i) regarding a proposed regulation, the Secretary shall publish in the Federal Register--
> (i) if a determintion as to whether a species is an endangered species or a threatened species, or a revision of critical habitat, is involved, either--
> (I) a final regulation to implement such determination,
> (II) a final regulation to implement such revision or a finding that such revision should not be made,
> (III) notice that such one-year period is being extended under subparagraph (B)(i), or
> (IV) notice that the proposed regulation is being withdrawn under subparagraph (B)(ii), together with the finding on which such withdrawal is based; or
> (ii) subject to subparagraph (C), if a designation of critical habitat is involved, either--
> (I) a final regulation to implement such designation, or
> (II) notice that such one-year period is being extended under such subparagraph.

16 U.S.C. § 1533(b)(6)(A).

that plaintiffs submitted a petition to remove the murrelet from the list of threatened species. Plaintiffs do not dispute defendants' contention that plaintiffs did not file such a petition. Plaintiffs instead contend that the five-year review process of subsection (c)(2) substitutes for the petition process of subsection (b)(3). Pls' Memo. at 8. Plaintiffs' interpretation finds no support in the plain language of either subsection.

Plaintiffs make a structural argument that the subsection (c)(2) species review process must substitute for the subsection (b)(3)(A) petition process, else the Secretary might be required to needlessly duplicate effort when a petition is filed after completion of species review under subsection (c)(2).[3] This argument contemplates a scenario not before the court and in any event is not strong enough to overcome the plain language of the statute. The Secretary need complete the status review contemplated by subsection (b)(3)(A) only if he first finds that the petition presents substantial information indicating that the petitioned action may be warranted. 16 U.S.C. § 1533(b)(3)(A). If the petition presents information considered in the subsection (c)(2) species review, little extra effort may be required to

---

[3]See 16 U.S.C. § 1533(b)(3)(A) (providing that if the Secretary finds that a petition presents substantial scientific or commercial information indicating that action may be warranted, the Secretary shall commence a review of the status of the species concerned).

complete a subsection (b)(3)(A) status review. If the petition presents new information, extra effort is properly expended on the subsection (b)(3)(A) status review. The court rejects plaintiff's argument that in the absence of a petition, the Secretary must take actions mandated by subsection (b)(3) after completing the species review and determinations required by subsection (c)(2).

Because plaintiffs have not alleged or demonstrated that they filed a petition, they cannot establish that the Secretary has a duty under Section 1533(b)(3)(B)(ii) to publish a proposed regulation in accordance with paragraph (5). It follows that there can be no duty to publish a final regulation. 16 U.S.C. § 1533(b)(6)(A). Because the complaint identifies no duty or act required by Section 1533, the court lacks jurisdiction under the ESA and APA. 16 U.S.C. § 1540(g); Califano v. Sanders, 430 U.S. 99, 107 (1977). In the alternative, plaintiffs' failure to

///

///

///

///

allege required action is fatal to their claims for violation of 16 U.S.C. 1533(b)(3) and (c)(2) and 5 U.S.C. § 706(1).

Conclusion

Based on the foregoing, defendant's motion to dismiss [#6] is granted. This action is dismissed.

IT IS SO ORDERED.

DATED this 19th day of June, 2006.

s/ Michael R. Hogan
United States District Judge